The next appeal in this series is No. 16-2437, Hulu, LLC v. CRFD Research. Good morning. I will be arguing issues relating to anticipation. Mr. Batts will handle obviousness. There's really only one issue with respect to anticipation by Bates, and that's because all the other limitations are clearly met. The one that's in dispute has to do whether Bates expressly or inherently discloses the transmission of a session history after that session has been discontinued. Again, I need to make sure I've got the landscape. You sweep really broadly trying to go after basically every claim in the patent. Other than claims 1, 4-6, 8-11, 23-25, what difference is there as it relates to all those other claims that you attack? For anticipation, with respect to Bates, we're only addressing claims 1-3, 23, and 24. Mr. Batts will handle... Do I have to ask him what those other claims are about? If you want to ask that right now, obviously we're here for your convenience. I'm not going anywhere. Fair enough, Your Honor. What we'd like to do is focus the attention back where it initiated and where it truly belongs. That is not figure 7 of Bates, it's figure 8. If you look at the joint appendix, page 579, we believe that the clearest anticipatory disclosure in Bates as to transmission of a session after that session has been discontinued starts at line 58 of column 10 and continues to the top of column 11. Just to read it into the record, for example, consider a user reading messages posted on a task during a browsing session. Prior to completing the task, the user may be required to terminate a browsing session. In such an event, the necessary browser information may be collected and transmitted to a remote computer containing another browser program. The browser information is then used to reconfigure the browser program of the remote computer and restore the user to where he or she left off during the terminated browsing session. Thus, in the case of a user reading a message board, the browser displays the message which was being read when the browsing session was terminated. In the case of inputting data to a webpage, the webpage is rendered with the data that was input prior to the termination of the session contained therein. In effect, the present invention preserves the current status of a browsing session to be resumed at another location. The express goal of Bates is to be able to resume at a new location in the identical format that you had at the old location. The only way that can really be effectively accomplished is if you transmit... First, the information is already stored in your buffer. If you disconnect and then transmit, you by definition will have the last available page or whatever it may be in the reference. You will not be missing any information. In the institution decision, the board agreed with this. And at appendix 105... Well, the institution is a tentative phase. Let's talk about the final decision. In the final decision, the board reversed course. This argument regarding column 10 was raised in the petition. It's been raised continuously by the appellants. It has never been addressed by CRFD, not once. Instead, CRFD has consistently ignored figure 8 and pointed instead to figure 7. But that's not proper because figure 7, by definition, is described as covering what happens at the first computer during the browsing session. It's not directed to the transmission, which is the issue of anticipation by Bates. That's covered in figure 8. But you've asked about the final decision. Following the lead of CRFD, the board reversed course. And it found... At appendix 16... You'll see there's a quote. And now, instead of the full section describing figure 8 that we've just discussed, this is just a truncated version. And based on this just truncated version, the board now determines that we are not persuaded that this portion of Bates implies a sequential order from the last two sentences. I.e., that the browsing session is terminated before transmission of the browser information. That really is not a fair reading of those sentences. If we're going to be honest, just talk about prior to completing the task, termination of the session occurs, and then transmission clearly occurs. There is a sequence there. But it has to be a really unfair reading in order to not be supported by substantial evidence, right? Because it's a factual finding. Correct, Your Honor. And we believe it is. And again, now instead of relying on figure 8 at all, or even discussing it beyond this short description, the opinion a little further down in that paragraph says, To the contrary, as discussed above, Bates' description of figure 7 indicates that transmission of browser information occurs during a browsing session. But again, our point, Your Honors, is that you don't look to figure 7 to determine when transmission occurs. It's only concerned about the browsing session occurring at the first computer. Figure 8 is where direction should be placed. And figure 8 clearly shows that Bates anticipates the CRFD patent. Okay, you're sharing your time with Mr. Bates? We're sharing. Good morning, Your Honors. May it please the Court. The PTAB erred here by failing to conduct any proper obviousness analysis in the ground that was instituted at the institution decision stage. If we agree with you on obviousness, then the anticipation arguments are irrelevant, right? Or not necessary, because there's an overlap in the claims. I believe you're correct, Your Honor, that all of the claims for anticipation are covered in the obviousness ground, but not vice versa. So the obviousness ground includes numerous claims that aren't at issue in any of the other appeals that we've discussed here today. Okay. And in the obviousness ground, the Court failed to actually conduct any sort of obviousness analysis. It's a one-paragraph reference in the decision to say that, well, for the reasons we've already stated with respect to our analysis under anticipation with respect to Bates, we find that the claims are not obvious. And as this Court is well aware, the tests for anticipation and obviousness are very different. And if you look at the decision... Do I understand your argument to be that essentially the Board, because it found that Bates didn't anticipate and because it only instituted on Bates as it relates to anticipation, that it could somehow pull Bates out of its obviousness analysis? I think that's essentially what it did. If you look at the decision on page 21, appendix page 21, in the final written decision, in the portion regarding anticipation, it says, based on all the evidence of record, we are not persuaded that Bates discloses either expressly or inherently transmitting the session history. And then if you go to page 22 in the one-paragraph regarding obviousness grounds, the Board merely points to we are not persuaded for the reasons explained above. So clearly the Board's looking back and saying, well, since you didn't show that this one claim element, the one claim element to dispute regarding the timing of the transfer or the session history, whether before or after discontinuation, if you didn't show that expressly or inherently in your anticipation section, then you don't have an obviousness claim. And that's just not how the law governing obviousness should work. So it failed to consider whether, even if they were correct with respect to what Bates disclosed, that it would still have been obvious to one of skill in the art to do it differently. Exactly, Your Honor. So what they did is they failed to look at the teachings of the art that were in the record, as well as the admissions by CRFD. If you recall in this record, CRFD repeatedly said, and its expert repeatedly said, that it was equally as likely that the transmission occurred either before or after discontinuation. So an example of that, in Mr. Mohapatra's deposition at Appendix 853, he says, likewise, transmissions that occur when an application or computer is being shut down need not necessarily occur after a session is discontinued. It is equally likely that the transmission is made as part of the shutdown process. So CRFD itself acknowledged that this is really a binary decision for one of ordinary skill in the art to be looking at, in the teaching, as to whether you do it before or after or not after. And the board did not even consider that admission, even though the board adopted that admission in its anticipation portion of the decision. It did not even address that admission when looking at obviousness and whether this was obvious. And it failed to even use common sense here. We're talking about whether you do one of two options. And as our expert explained in his declaration accompanying the petition, that it was obvious to one of ordinary skill to have it sent after discontinuation because you would want to ensure that the entire session history is being transferred. And the way to ensure that the entire session history was being transferred would be to wait until after discontinuation to transmit it. But if we think the board essentially did an improper obviousness analysis is that something we could reverse or do we have to send it back? So I think in our briefing we cited a few different cases regarding obviousness reversals including the Belden decision on page 28 of our briefing. And beyond that, the answer I think is yes, you can. But beyond that decision, I would cite to the non-presidential decision of Henry Taylor Made Golf Company. It's a decision from 589 Fed Appendix 967 and that's a 2014 decision that I believe you were a part of in which the Federal Circuit vacated and remanded a decision by the PTO in the inter-parties re-examination context finding that claims were not obvious. So I think we do have support there as well as in the statute governing appeals for final written decisions of IPRs 35 U.S.C. 141 gives a broad right to parties to inter-parties reviews to appeal any portion of a final written decision that they disagree with. Okay, you saved a couple of minutes for rebuttal. Are you ready for any other questions? Let's hear from Mr. Fahmy has to say. Thank you, Your Honors and may it please the Court My friend began his remarks this morning by saying that the Court really needs to consider the figure 8 embodiment of Bates and that it's been ignored by not only CRFD but by the Board. Well it wasn't ignored by the Board in fact Well show me where the Board addressed it. Yes, Your Honor. Page 16 of their opinion and it's the passage that my colleague identified for you the Board considered the exact passage that they relied upon in their petition and said it's not convincing these sentences don't imply a sequence and then two pages later on page 18 they indicated that the argument that was being advanced essentially ignored the order that was in the claim and would have a reference anticipate as long as there is some possibility of the required ordering regardless of what the reference actually discloses. My friend also criticized both CFRD and the Board for spending all their time talking about figure 7 in Bates Well there's a reason for that Your Honor. Figure 7 this is appendix page 573 step 720 transmit browser information that's where the transmission happens that's why we spend time talking about it and figure 8 by the way is not about transmission because on page 575 where Bates patent describes what the figure is it says figure 8 depicts a flow diagram for handling a received message containing browser information this is the receiver that's being shown. It seems to me that the Board is conflating what's taught by those two figures in its discussion on page 16 No Your Honor I think you're mistaken. I think they're addressing the text that the petitioner was relying upon and properly reached the conclusion that the fact that a user may be required to terminate a session before completing a test doesn't mean it necessarily happens to be that and by the way if you read it that way it conflicts with everything that Bates teaches. So why wouldn't all of this language putting aside the anticipation why wouldn't all of this language that your admission that it's at least as likely that the transmission occurs before or after the session and even your experts admission as to that why wouldn't that with respect to obviousness be almost determinative Well because that's not what they argued Your Honor and in fact their own argument is what's obvious in this case and I would invite your attention to appendix page 227 this is the transcript of the oral hearing this is the petitioner complaining about how we have or we characterize things Pat Nona refers to a combination of Chan and Bates or that those combinations would indicate a person of ordinary skill in the art would not understand that the session history is transmitted after the session is discontinued however we're not relying on the combination of Bates and Chan or Bates and Zhao for that element we are just citing Bates and this comports with their own petition they didn't rely on what a person of ordinary skill would know they relied on the text of Bates but it's not just the text of Bates in the sense of anticipation but the text of Bates could still indicate things to a person of skill in the art so in other words a single reference can still be a basis for obviousness even if it's not a basis for anticipation. Yes it can Your Honor and they actually advanced that single obviousness argument and the board rejected it at institution so that was not before the court Bates was part of the obviousness institution they said it was redundant to allow Bates independently but that doesn't mean you ignore Bates as an independent reference in the obviousness analysis because otherwise it wouldn't be redundant Yeah I agree you don't ignore Bates Your Honor but the combination being advocated was Bates and Chan or Bates and Zhao Right but you have Bates and Chan, Chan doesn't have to add anything if Bates is enough it's still an obviousness combination if it were enough right but it wasn't enough Your Honor because the board found that what Bates actually said to the person of ordinary skill in the art was something the opposite of what they were advocating. The board had already gone through that entire analysis of Bates it didn't have to repeat it verbatim in the decision when it came to obviousness. Even though what it said was it's at least  go either way. Actually the board did not say it could go either way. The board said that Bates did not describe that Bates didn't say it necessarily had. Right but that doesn't mean it also doesn't imply that it could the board never said it necessarily said the opposite that's true the board didn't say it necessarily said the opposite what the board said was it teaches you to do it this way and that was the rationale that they relied upon Your Honors I want to also address some of the other arguments that were made by the petitioner in their brief and this concerns the alleged operation of the windows device I would just point out that as the board found all of that evidence to the extent that it even should have been considered at the hearing and the board actually went the extra mile and gave the petitioner the benefit of the doubt and did consider it. All of that evidence indicated that it was only directed as to how a system could operate not how it does operate and there was nothing in the record that actually supported the idea that this was how the system operated and contrary to the contention that the board was somehow changing theories midstream it was simply the board recognizing that the arguments that had been presented by CFRD and the evidence which was not available at the institution time was the more persuasive evidence If the claims are canceled by virtue of one or both of the prior appeals and so that actually addresses the bulk of the first part of the obviousness claim. What do the rest of the claims add in terms of what the patent claims and what any allegedly infringing devices might do? There was nothing in the record your honor that would have argued any of those dependencies differently. It was all based upon limitations that were in the independent claims However... But there's some later independent claims that I'm trying to figure out. 13 for example is a later independent claim. Really though it came down to the same type of limitation. Let me see if I can find that for you So in 13 for example your honor it still came down to the limitation for a first device to transmit a session history of said first device to said session transfer module after said session is discontinued So all of the analysis and arguments in this particular case with respect to Bates primarily were focused on that idea. Now but putting Bates aside if in fact those other claims are invalid for any reason do the other claims matter? You lost me between the two others. If claims 1, 4 through 6, 23, 25 8 through 11 are all invalid for any reason, putting aside Bates What do the other claims add? What do they add? I'm not sure they add anything. Did they practice the invention differently? There are differences your honor. For example claim 13 does not require the resuming step so they're different and so I suppose you say they practice the invention differently but they weren't challenged in the other cases and so they really weren't before the board Your honors, no reversal is warranted in this case contrary to Hulu's complaint before the court that the board ignored some compelling evidence it was actually Hulu itself that argued the browser session of Bates was the session that's recited in the challenge claims  61 and confirmed at the oral hearing appendix 225 in the transcript Further the board's decision was based on all the evidence of record as stated in their decision page 21 and not merely some limited interpretation and the board did not commit any procedural errors in fact when confronted with arguments that had never been raised in the petition, the board went the extra mile and actually considered the impact of those arguments and this is on page 23 primarily in the footnote that's set forth on that page with regard to the preservation argument In short, there's nothing that would compel this court to upset the board's decision in this case Thank you Anything else? Okay, thank you Mr. Farley Okay, we have three minutes Very good, thank you your honor Just briefly, with respect to Windows, anyone who's used Windows knows that when you click the shutdown option, that you'll get a screen telling you that Windows is closing down all open applications In the time frame we're talking about Windows and Internet Explorer were on 92% of all computers So when you want to shut down your computer or you select that as a user option, as the machine shuts down the applications, including the browser, are first shut down Then housekeeping occurs So any information that has already been placed in the buffer would then be sent by the email browser to the second computer That was admitted to by CRFD's expert, Dr. Moipatra And there really isn't any dispute as to that We think that most of the client options could be executed either during the session or after the session But in respect to the shutdown it's clearly after the session So a few points I wanted to make here, first on the argument regarding the Bates and Zauer, Bates and Chan combinations I think Judge O'Malley, I would reiterate that I think you're correct We're looking only, we're only The issue here is the step of discontinuation and the timing of the transfer And we're not contending that Zauer or Chan teach that, so it's all about the teachings of Bates, whether or not it's Bates and Chan or Bates and Zau for the different grounds that were instituted on It goes back to the teachings of Bates and what one of ordinary skill would understand when looking at Bates, as well as the full evidentiary record regarding obviousness including CRFD's admission about that it was equally likely But the board said you needed to articulate something more as to why you would modify Bates. And we don't need to modify Bates, because as the board itself acknowledged on, and I wanted to point to that as the next point, so on page 17 of the board's decision on appendix 17 the board states at the top of that page further patent owner explains why for each of the three shared events cited by petitioner is at least equally likely that the transmission occurs before discontinuing the session. So the board in its anticipation analysis is adopting CRFD's position which obviously we disagree with on anticipation, but it's adopting the view that it's at least equally likely that Bates teaches one or the other. So there's no modification that needs to be made to Bates. One of ordinary skill when looking at Bates as explained by Dr. Claypool in its declaration, would understand that there's the option there to send it after discontinuation and would be motivated, and there's a rationale under KSR, to have it occur after discontinuation, because you would want to ensure that the entire session history is being transferred, and that would occur by sending it after the discontinuation. In terms of the rest of the claims, the one point I wanted to make on the rest of the claims, obviously the obviousness grounds have different claims, but there's been no disagreement or argument by CRFD regarding any element for any of those claims beyond this step of discontinuation and the timing of discontinuation. And then I think we heard when Mr. Fahmy was speaking still that there's this conflation between a session and a browsing session in Bates and the patent. And the board in its decision on claim construction made clear that a session can be, you could have five, six, seven sessions within a single browsing session of Bates. And I'm still hearing that same confusion being argued here today to equate a browsing session with a session. And while a session can be within a browsing session, you could have five or six or ten sessions as defined by the court for the 233 patent claim terms within a single browsing session of Bates. So I wanted to make that clear. I know I'm running out of time, so any other questions? Any questions for Mr. Fahmy? Thank you both. Thank all three of you. That concludes the argued cases for this morning. All rise.